*1129 OPINION.
Marquette:
Under the statutes of New York, Laws 1919, chapter 408, the death of any partner causes a dissolution of the partnership ; the partnershiji is not then terminated, but continued until the winding up of the partnership affairs is completed. With knowledge of New York law, the contract of December 4, 1920, must have been made. That contract provided:
Upon the death of either * * * the said copartnership business shall be wound up and the interest of the deceased partner ascertained and paid to his legal representations [sic] in the following manner.
What followed the foregoing in the contract was entirely a statement of agreement as to how the deceased partner’s interest would be valued and paid for in the winding-up process. That agreement was a limitation on the otherwise rights of the estate of the deceased partner against the surviving partner under section 69 of the New York Partnership Law.
That it was understood by the parties to be an agreement as to the value of the deceased partner’s interest and not a transfer of property, is apparent from the fact that Julius Gumpel executed a codicil to his will, a month after the date of the contract, and by that codicil purported to bequeath the good will to his son, Morris.
But the good will of a business can not be transferred apart from the assets of the business, and the surviving partner would have the right to continue to do business under the partnership name. He would only have to account to the estate of the deceased partner for the latter’s interest in the partnership assets. That such accounting would be limited by terms of the partnership agreement does not affect the value of the deceased partner’s interest for pur *1130 poses of determining the tax upon the transfer under the Revenue Act of 1918. It is “ the interest which ceased by reason of the death ” that is the subject of the tax. Knowlton v. Moore, 178 U. S. 41; Y. M. C. A. of Columbus, Ohio, v. Davis, 264 U. S. 47; Edwards v. Slocum, 264 U. S. 61. That interest, as a thing of value, was not affected by the contract, and whether it is deemed to have passed by the contract or by the will, we think in either event it was a transfer to take effect in possession or enjoyment at or after death and was properly included in the gross estate. The Commissioner’s determination of the value was correct. Appeal of Nigel Leslie Campbell, 1 B. T. A. 441; In re Orvis’ Estate, 223 N. Y. 1; 119 N. E. 88; Ira re Cory’s Estate, 164 N. Y. S. 956; In re Dupignac’s Estate, 123 Misc. (N. Y.) 21; 204 N. Y. S. 273.
The taxpayer has stressed the contention that the good will had little value because the son, Morris, already enjoyed the right to use the name J. Gumpel & Son and, for many years, had used it at four other locations. But good will is not confined to a' name; it may, as well, be attached’ to a particular location where the business is transacted, or to a list of customers, or to other elements of value in the business as a going concern. See Metropolitan Bank v. St. Louis Dispatch Co., 149 U. S. 436, 446.